# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KOJO KHAYRALLAH,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No.  4:24cv214-AW-MAF**

**MARK H. MAHON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On May 20, 2024, the pro se Plaintiff submitted a document to this Court entitled as a "criminal complaint," ECF No. 1, along with a motion for leave to proceed with in forma pauperis status, ECF No. 3.  Those submissions were reviewed and an Order was entered, ECF No. 4, informing Plaintiff of their deficiencies and directing him to file an amended in forma pauperis motion and a proper civil complaint.

Plaintiff did file another in forma pauperis motion, ECF No. 5, which was granted, ECF No. 6.  However, another Order was entered reminding Plaintiff that he must submit a proper complaint.  Plaintiff was advised of his June 20, 2024, deadline, and informed that this case could not proceed

unless and until Plaintiff filed a civil complaint. ECF No. 6. More specifically, Plaintiff was advised that he lacked authority to file a criminal complaint and could not use this case in an attempt to have charges filed against another person. Id. He was directed to consider whether the statute of limitations would bar his claim, whether venue is appropriate in this Court, and whether the defendant would have witness immunity in a § 1983 claim for damages caused by allegedly providing false testimony in a prior trial. Id. If Plaintiff conceded that his claim was barred or otherwise not properly filed in this Court, Plaintiff was directed to file a notice of voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure by the same June 20, 2024, deadline. As of this date, nothing further has been received from Plaintiff. Nothing further has been received from Plaintiff and it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ."

Case No. 4:24cv214-AW-MAF

Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here, Plaintiff was warned that if he failed to comply with the Order, his case would be dismissed.  ECF Nos. 4, 6.  Because Plaintiff has failed to prosecute this case after being warned of the consequences, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 1, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**